O’Neall, J.
delivered the opinion of the Court.
Uninclosed land, for many purposes, such as hunting and pasture, is regarded as common : but it is only so, as long as the owner thinks proper not to appropriate it to his exclusive use. The right to muster upon uninclosed lauds, is also in some degree a common right. Jt is however founded on an implied permission, and consent of the owner; if, therefore, he objects to the use of his land for this purpose, he has the right to do so; *448 and an entry after notice of his dissent, might be a trespass. If a field has been used for many years as a muster ground, it furnishes a still stronger ground to exempt a militia officer for a trespass in using it as such. It is true, that a right to muster on a particular piece of ground cannot be acquired by prescription ; for there is no adverse use of the soil inconsistent with the rights of the owner. Until inclosed, or appropriated in some other way to the owner’s exclusive use, he is regarded as permitting it to be used as a common for hunting, pasture, and militia training.
In the case, now presented to us, there is no complaint, that the field was used as a muster ground ; bat that the Colonel in preparing it for that purpose, cut down a hundred or a hundred and fifty old field pine-saplings. I have no doubt, that where a field is, by the actual or implied consent of the owner, allowed to be used as a muster ground, the commanding officer has the right, incidentally thereto, to remove all obstructions to the exercise and drill of his command. But if the owner thinks proper to prohibit the cutting of any thing on the ground, his right of property gives him the right to be as churlish as he pleases with his own. If, however, he does not give this notice until after the officer has cleared up the ground, he cannot maintain trespass for an act done, which was incident and necessary to the use of the ground, for the purposes for which he had consented it should be used.
In this case, it appears, that the plaintiff did not give any notice of his wish that his pine-saplings should not be cut, until after it was done. This was too late to subject the Colonel to a trespass. It is in this point of view that the presiding Judge reports that he thought, and instructed the jury to find for the defendant. In this he was correct, and the motion for a new trial is refused.
Motion refused.